

Joseph P. Zammit
*jzammit@fulbright.com*
Edward Dolido
*edolido@fulbright.com*
Todd R. Hambidge
*thambidge@fulbright.com*
FULBRIGHT & JAWORSKI L.L.P.
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 318-3000
Facsimile: (212) 318-3400

Attorneys for Defendant
CINEMARK USA, INC.



## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IMAX CORPORATION, ) | **NOTICE OF REMOVAL** |
| ) | |
| Plaintiff, ) | |
| v.  ) | Civil Action No. |
| ) | |
| CINEMARK USA, INC., ) | |
| ) | |
| Defendant. ) | |

Pursuant to 28 U.S.C. § 1441(a), Defendant Cinemark USA, Inc. ("Cinemark") removes the action filed under Index No. 603441-2009 in the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

1. On November 12, 2009, Plaintiff IMAX Corporation ("IMAX") filed an original Complaint in the Supreme Court of the State of New York, County of New York, captioned *IMAX Corporation v. Cinemark USA, Inc.*, Index No. 603441-2009 (the "State Court Action"). The Complaint was served on Defendant on December 14, 2009.

2. Pursuant to 28 U.S.C. § 1446(a), Defendant is filing with this Court a copy of all process and pleadings previously filed in the State Court Action, namely the Summons and

Complaint filed November 12, 2009 and served on Cinemark on December 14, 2009, which are attached hereto as Exhibits A and B, respectively.

3. Defendant files this Notice of Removal within thirty days of receipt of service of the Summons and Complaint in the State Court Action. Accordingly, this removal is timely pursuant to 28 U.S.C. § 1446(b).

4. This Court has jurisdiction of this action under 28 U.S.C. §§ 1441 and 1332 because diversity of citizenship exists and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. On information and belief, Plaintiff IMAX is a corporation organized and existing under the laws of Canada with its principal place of business outside the State of Texas.

6. Defendant Cinemark is a corporation organized and existing under the laws of the State of Texas with its principal place of business in Texas, making it a citizen of the State of Texas.

7. On information and belief, IMAX's citizenship differs from that of Cinemark, such that diversity exists under 28 U.S.C. § 1332.

8. IMAX does not quantify the "direct, incidental, and consequential damages" and punitive damages it seeks against Cinemark predicated upon its claims of alleged fraud, breach of contract, breach of the duty of good faith and fair dealing, misappropriation of trade secrets, tortious interference with contract and prospective economic relations, and unjust enrichment, but IMAX alleges that Cinemark has misappropriated "hundreds of millions of dollars worth of strategic research, development, operating, marketing, branding and promotional efforts." *See* Complaint ¶¶ 10, 64-101. As such, it appears that Plaintiff seeks in excess of $75,000, exclusive of interest and costs.

9. IMAX also seeks an injunction prohibiting Cinemark from "producing, using and selling its XD System," the value of which exceeds $75,000, exclusive of interest and costs. Complaint ¶ 89.

10. The value of the equitable relief, damages, and punitive damages sought by IMAX for Cinemark's alleged misconduct satisfies the amount in controversy requirement under 28 U.S.C. § 1332.

11. The existence of diversity and an amount in controversy in excess of $75,000, exclusive of interest and costs, provides this Court with original jurisdiction pursuant to 28 U.S.C. § 1332.

12. A copy of this Notice of Removal is being served on Plaintiff and filed with the Clerk of the Supreme Court of the State of New York, County of New York, where this case was originally filed. A copy of the Notification of Removal, which will be filed with the Supreme Court of the State of New York, County of New York, is attached hereto as Exhibit C.

Dated: New York, New York
January 12, 2010

Respectfully submitted,

FULBRIGHT & JAWORSKI L.L.P.

By: /s/ Joseph P. Zammit
Joseph P. Zammit
jzammit@fulbright.com
Edward Dolido
edolido@fulbright.com
Todd R. Hambidge
thambidge@fulbright.com
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 318-3000
Telecopier: (212) 318-3400

OF COUNSEL
Michael A. Swartzendruber*
mswartzendruber@fulbright.com
Guy I. Wade, III*
gwade@fulbright.com
Barton Wayne Cox*
bcox@fulbright.com
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone: (214) 855-8000
Telecopier: (214) 855-8200

* application for admission
pro hac vice will be filed

Attorneys for Defendant Cinemark USA, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was sent by United States mail, return receipt requested, on January 12, 2010 to the following counsel of record for Plaintiff IMAX Corporation:

>Alan S. Goudiss, Esq.
>Shearman & Sterling LLP
>599 Lexington Avenue
>New York, New York 10022-6069

_____
Todd R. Harbridge